J. M. MAYO and others *v.* M. HARDING and others.

October Term, 1876.

MASTER'S SALE — OPENING BIDDINGS AFTER A RESALE. — The record being completely under the control of the court during the term, the biddings at a master's sale of land may be, on sufficient cause shown, opened again after having been once opened, and the resale confirmed.

CASE IN JUDGMENT. — Thus, where the separate realty of a married woman was sold to satisfy a decree, and the purchaser allowed the married woman, through her next friend, to take the property upon an advance sufficient to pay the decree, with interest and costs, which ended the power of the court in the particular case, a resale at which a third person became the purchaser was set aside after confirmation.

ORDER CORAM NON JUDICE. — The court has no power to make any order in a cause, or give any directions in it for the disposition of funds, not justified by the pleadings; and, therefore, an order in one cause to hold the surplus funds subject to the orders of the court in another cause would be, except by consent of the party entitled, *coram non judice*, and void.

*John Ruhm*, for complainants.

*G. M. Fogg*, for defendants.

*G. B. Guild*, for Edwards.

THE CHANCELLOR : — Under a decree rendered at the last term, for the sale of certain realty in satisfaction of ascertained debts due the complainants, the master sold the property for $1,200, and reported the sale, the report stating on its face that the amount "is more than sufficient to meet the various decrees, interest and costs." Before this report was confirmed, the bid was advanced by John

Overton to $1,320, and this fact being stated as an *adden-dum* to the report, the complainants' counsel entered a decree opening the biddings for twenty days, in the mode adopted by this court. On October 30, 1876, the master reported J. W. Edwards the bidder, at $1,600. On November 2d this report was confirmed, and the master directed to make the purchaser a title, and to put him in possession.

The original bill discloses the fact that the legal title to the realty in question is in the defendant Maggie Harding, the wife of the defendant Henry Harding, to her sole and separate use. On November 24, 1876, the court being still in session, the said Maggie Harding, by her next friend, John Overton, presented a petition to have the sale set aside and the biddings reopened, on the following state of facts : The purchaser at the original sale of the master was a stranger to the suit, but, upon the application of petitioner, by her said next friend, he agreed to allow her to advance the bid and take the property, waiving all rights he might have acquired in her favor. The next friend accordingly executed his notes for the advanced bid, but for petitioner's benefit, and as the amount more than covered the complainants' debts, petitioner and her next friend both supposed the sale would be confirmed to them at the advance. The master and the counsel of the complainants not, perhaps, understanding the facts, did not bring them to the attention of the court, and the biddings were opened as of course, with the result stated above. The purchaser appears, and demurs to the petition.

The position of the purchaser is, that the biddings will not be opened a second time upon a mere advance of the bid, and that the petition discloses no such circumstances as will justify the court in interfering with the rights of the purchaser after the sale, once opened, has been confirmed. The argument is that the rights of the purchaser, after such confirmation, are the same, whether the application to open the biddings is made at the same or at a subsequent term.

It is true that when the biddings have once been opened,

and a resale made, with open competition to all bidders, the biddings will not again be opened, except under extraordinary circumstances. *Click* v. *Burris*, 6 Heisk. 545. It is also true that, after confirmation, the courts require something more than a mere advance of price to justify an interference with the rights of a purchaser. But the purchaser in this case is mistaken in supposing that the latter rule applies as rigidly when the application is made at the same term, as when made at a subsequent term. This very point was considered and determined by our Supreme Court in *Moore* v. *Watson*, 4 Coldw. 68. In that case, the biddings had been once opened, and the subsequent sale confirmed, when, within a few days thereafter, a petition to again open the biddings was presented, and granted by the chancellor. On appeal, the court, *per* Milligan, J., say : "In our practice, in cases in which the sale has been confirmed, the purchase-money paid, and the term closed, the sale will not be set aside unless the grounds upon which the application is made be set out in an original bill, and the opposite party has had an opportunity of admitting, or denying by plea, answer, or demurrer. In this case, the purchase-money had not been wholly paid, nor was the term at which the confirmation of the sale was had expired. The record was still under the control of the court, and he could, at his discretion, upon sufficient cause shown, change, alter, or modify his own decree during the term." I have myself considered the same point in the case of *The Mound City Mutual Life Insurance Company* v. *M. Hamilton et al.*, the opinion on which is delivered with this opinion, and arrived at the same conclusion. I also held, in that case, that inadequacy of consideration in the former purchase, evidenced by the largeness of the advance offered, was an important consideration, and would go far to demonstrate the truth of the excuse given for neglecting to bid at the proper time. Also, that the condition of the applicant — as, for instance, that she was a woman under some disability — may be looked to in order to ascertain the degree

of negligence to be imputed. The court never imputes negligence to infants or married women, and is very slow to allow either to be prejudiced by the defaults of their next friends.

The advance now offered by this married woman is twenty-five per cent on the bid of the purchaser. The advance might not be sufficient to excuse gross neglect on the part of a person *sui juris;* but it is, I think, enough in the case of a married woman, where the negligence was not hers, but that of her next friend.

There is also another ground on which the petitioner is clearly entitled to relief, although the particular relief be not expressly asked in her petition. And the prayer of the petition may be amended in this regard. The record and the master's report show that the bid of the original purchaser, and, *à fortiori*, the advance bid of the petitioner's next friend for her, was "more than sufficient to meet the various decrees, interest and costs." If now, upon this state of facts, the further fact had appeared, as alleged in the petition, that the advance bid was for the *feme covert*, it would have been error not to have confirmed the sale at once, without reopening the biddings. For the power of the court was exhausted in securing the amount due to the complainants, with interest and costs. The married woman had the right to control the surplus value of the property sought to be subjected, and could not legally, against her wishes, have been charged with the costs of a resale. The facts being now brought to my attention, while I still have control of the decrees of the term, it is clearly my duty to set aside the sale thus inadvertently made to the prejudice of the married woman, and confirm the sale to her. *Prideaux* v. *Prideaux*, 1 Bro. C. C. 287; *s. c.*, 1 Cox Ch. 34. The purchaser is, of course, entitled to have his notes surrendered, his money refunded, and to be repaid actual costs.

My attention has been called to the fact that, in the decree at the last term, settling the rights of the parties in this

·cause, it was suggested that there was another suit pending in this court, by another creditor, seeking to reach the same property, and, upon this suggestion, it was ordered that the master hold the surplus proceeds of sale, after satisfying the debts of the complainants, and costs, subject to the future orders of the court in this cause, or in that cause specifying it. It need scarcely be said, the last clause of this order is *coram non judice*, and void. The court has no power, except by consent of the person interested, to make any order or decree in a cause, or give any direction in it for the disposition of funds, not justified by the pleadings. *Dillard* v. *Harris*, 2 Tenn. Ch. 193. Its jurisdiction in the particular case is confined to the parties before it, and the issues made by them. And nothing done therein can in any way prejudice the rights of parties in other causes. I make this suggestion because the party to the. other cause may be misled to his injury. He ought to take the necessary steps in that cause to secure the fund.

The decree confirming the sale to Edwards, and the previous decree opening the biddings, if the petitioner desires it, will be set aside, and the sale confirmed to the sole and separate use of the petitioner, in conformity with the deed to her, or to the next friend, at the advanced bid tendered by the petitioner, at the option of the *feme*.